UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Daniel Adam Tanck,

    Plaintiff,

v.                                                                                   25-CV-6240-FPG
                                                                                     ORDER
Speerley, *et al.*,

    Defendants.

---

*Pro se* Plaintiff, Daniel Adam Tanck, formerly confined at the Coleman II Federal Penitentiary, brings this action pursuant to *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403, U.S. 388 (1971).[1] Plaintiff alleges violations of his constitutional rights arising from his confinement on August 19, 2024, at Coleman II Federal Penitentiary in Wildwood, Sumter County, Florida. ECF No. 1. For the reasons set forth below, this action is transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff has been released to federal probation in Rochester, New York. ECF No. 1 at 4.

28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Here, all the events underlying the claims asserted in the complaint are alleged to have occurred in Wildwood, Florida, which is located in Sumter County and thus within the geographical confines of the Middle District of Florida.  Moreover, Plaintiff does not allege that any of the individual Defendants reside within this District.  In fact, the individual Defendants are located in Wildwood, Florida.  Therefore, there is no basis for venue in the Western District of New York.

## CONCLUSION

Based upon the foregoing, this Court finds that the venue for Plaintiff's action is not proper in this District.  In the interest of justice, this action is transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).  This Court makes no ruling as to the sufficiency of the Complaint, nor does it consider the merits of Plaintiff's Motion to proceed *in forma pauperis*; instead, the Court leaves those issues to the Middle District of Florida.

SO ORDERED.

Dated: May 7, 2025
Rochester, New York

HON. FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE